[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER OF COURT
CT Page 4074-QQ
In light of Barrett v. Danbury Hospital, 232 Conn. 242, 251
(1995), I believe several of the defendants' objections to the expert's affidavit are no longer viable. However, the last sentence of § 381 does say that sworn or certified copies of papers referred to in an affidavit "shall" be attached thereto. An expert's affidavit shouldn't be entitled to any dispensation as to this rule. Interestingly, in her January 24, 1996 objection to the motion to strike the expert's opinion counsel attaches various reports but without any supplemental affidavit to indicate that these were the reports relied on by the expert. Opposing counsel should have the right to ascertain what the expert based his or her opinion on so opposing affidavits can be field. Also the court should have the right to refer to such attachments to see if the expert's conclusions find any basis in fact. Nothing in Barrett contradicts this. The court said for the purposes of an expert's opinion the expert's personal knowledge of facts is comprised of those materials on the basis of which he may properly render his opinion. Id., p. 1251. Those materials and how they support the opinion must be indicated to the court.
In light of the fact that if I grant this motion it will be dispositive and then in all likelihood have to weigh a motion to reconsider, I will make the following order. I will grant the motion for summary judgment unless an appropriate affidavit is not filed within ten days. If it is, then I will set down this case on my short calendar for further argument on June 10, 1996.